THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND SMITH,<br><br>　　　　　　　　Defendant. | CASE NO. CR17-0207-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Edmund Smith's motion for compassionate release (Dkt. No. 66) and the Government's motion to seal (Dkt. No. 71). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Mr. Smith's motion for compassionate release (Dkt. No. 66) and GRANTS the Government's motion to seal (Dkt. No. 71) for the reasons explained herein.

I.　BACKGROUND

In January 2018, Mr. Smith pleaded guilty to possession of child pornography. (Dkt. Nos. 28, 30, 32, 36.) In the plea agreement, he admitted to using P2P file sharing to send and receive images and videos of minors engaged in sexually explicit conduct. (Dkt. No. 32 at 5.) He possessed at least 12,000 images and 300 videos of minors, including prepubescent minors and minors under the age of twelve. (*Id.*) The images and videos included "depictions of sadistic or

masochistic displays involving minors, as well as visual depictions of infants/toddlers engaged in sexually explicit conduct." (*Id.* at 5–6.) He also downloaded a file called "How to Practice Child Love, a Pedo Guide," which "teach[es] you in detail[] about how to engage [in] a safe and harmless sexual relationship with a child." (*Id.* at 6.) The Court imposed 72 months of incarceration followed by a lifetime term of supervised release. (Dkt. Nos. 55, 56, 60.) At the time, Mr. Smith was 75 years old, had documented health problems, and used a wheelchair because of problems with his equilibrium. (Dkt. No. 38 at 2, 9–10.) Mr. Smith is has served over 40 months of his 72-month sentence and is currently incarcerated at FCI Terminal Island. (Dkt. No. 68 at 1.)

Mr. Smith moves for compassionate release under 18 U.S.C. § 3582(c)(1). FCI Terminal Island had a large COVID-19 outbreak in April, and Mr. Smith contracted the virus and was hospitalized for four months. (*See generally* Dkt. No. 67.) He has since returned to FCI Terminal Island and requires the use of supplemental oxygen. He continues to suffer COPD and longstanding vertigo, as well as an umbilical hernia. Mr. Smith argues compassionate release is warranted because of his diminished physical health and the risk that he will be reinfected with COVID-19, his experience suffering from the virus in prison, and the institution's inability to provide care for him in the future. (*See generally* Dkt. Nos. 66, 73.) The Government opposes release arguing that Mr. Smith is capable of self-care in the institution and that reinfection with COVID-19 is rare. (Dkt. No. 70 at 8–9.) The Government further argues that even if extraordinary and compelling reasons exist, Mr. Smith presents a danger to the community and the 18 U.S.C. § 3553(a) factors do not warrant release. (*Id.* at 9–10.)

## II.     DISCUSSION

### 1. Mr. Smith's Motion for Compassionate Release

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing

ORDER
CR17-0207-JCC
PAGE - 2

Commission's relevant policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The statute also directs a court to consider the 18 U.S.C. § 3553(a) factors in deciding whether compassionate release is appropriate. 18 U.S.C. § 3582(c)(1)(A). Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) establish three requirements that must be satisfied before reducing a defendant's sentence: extraordinary and compelling reasons must warrant release, a defendant cannot represent a danger to the community upon release, and any reduction in the defendant's sentence must be consistent with 18 U.S.C. § 3553(a).[1] *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).[2]

      Medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13

---

[1] As a threshold matter, a defendant must also demonstrate that he has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See United States v. Van Sickle*, 2020 WL 2219496, slip op. at 3 (W.D. Wash. 2020). Specifically, a defendant must show that he exhausted administrative remedies or waited 30 days after filing a request with the warden before filing the instant motion. *Id.* Mr. Smith has made this showing. (*See* Dkt. No. 66-1.)

[2] The parties disagree about whether, in light of the statutory changes enacted by the First Step Act, USSG 1B1.13 remains an "applicable" policy statement that limits the Court's discretion. (*Compare* Dkt. No. 66 at 6-7, *with* Dkt. No. 70 at 5–7.) The Ninth Circuit has not squarely addressed the issue, and the Court finds it unnecessary to answer the question in this case. At the very least, the policy statement remains instructive and may help guide the Court's discretion. *See, e.g.*, *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). And, as discussed more fully below, the Court denies Mr. Smith's motion because the 18 U.S.C. § 3553(a) factors weigh against release. *See United States v. Ruffin*, 978 F.3d 100 (6th Cir. 2020) (finding it unnecessary to decide whether the policy statement remains binding because the district court denied relief under a balancing of the sentencing factors in section 3553(a)).

cmt. n.1(A). When an inmate has health conditions that make them significantly more vulnerable to complications from COVID-19, that likewise may constitute an extraordinary and compelling circumstance. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020). Mr. Smith submits evidence that his physical health has been diminished by his recent COVID-19 infection; that he suffers from COPD, a condition identified by the Centers for Disease Control and Prevention as one that elevates the risk of complications from COVID-19; and that it is possible to be reinfected with the virus. (*See* Dkt. No. 66-4, 67.) However, because Mr. Smith has failed to demonstrate he would not represent a danger to the community upon release or that a reduction in his sentence would be consistent with 18 U.S.C. § 3553(a), the Court need not decide whether he has established extraordinary and compelling reasons.

In assessing whether Mr. Smith would represent a danger to the community upon release, the Court looks to the nature and circumstances of his underlying offense, the weight of the evidence against him, his history and characteristics, and the nature of the danger that his release would pose to any person or the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The nature and circumstances of Mr. Smith's offense were very serious. His offense involved not only possessing thousands of images and videos, but also downloading a guide to finding, grooming, and sexually abusing children. The weight of the evidence was strong, as law enforcement found the images, videos, and documents stored on Mr. Smith's devices and Mr. Smith admitted to using P2P file sharing to send and receive images and videos of minors engaged in sexually explicit conduct. In light of Mr. Smith's history, which includes a prior conviction for sexual contact with his minor daughter, the Court FINDS he would present a danger to the community upon release.

Further, the section 3553(a) factors do not weigh in favor of release. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy

statements, and avoidance of sentencing disparities. *See* 18 U.S.C. § 3553(a). Here, releasing Mr. Smith from confinement early would undermine the goals of sentencing. The nature and circumstances of the current offense are very serious in light of Mr. Smith's possession of a guide to grooming children and his prior conviction. Reducing his sentence from 72 months to just over 40 months would not adequately reflect the seriousness of the offense, nor would it promote respect for the law, provide adequate deterrence, or sufficiently protect the public.

### 2. Government's Motion to Seal

The Government moves to maintain under seal a letter from a legal representative for one of the victims. (Dkt. No. 71.) The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the exhibit contains highly personal and sensitive victim information. (Dkt. No. 72.) The Court FINDS that there is a compelling interest in maintaining the confidentiality of such information and that interest outweighs the public's interest in its disclosure. *See Kamakana*, 447 F.3d at 1179.[3]

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Smith's motion for compassionate release (Dkt. No. 66) and GRANTS the Government's motion to seal (Dkt. No. 71). The Court respectfully DIRECTS the Clerk to maintain Docket Numbers 67 and 72 under seal.

//

---

[3] Mr. Smith filed an exhibit containing his medical records under seal without filing a motion to seal. Nevertheless, the Court *sua sponte* orders that the exhibit, Docket Number 67, be maintained under seal. Since the exhibit contains Mr. Smith's confidential and highly personal medical information, the Court FINDS there is a compelling interest in maintaining the confidentiality of such records and that interest outweighs the public's interest in their disclosure. *See Kamakana*, 447 F.3d at 1179.

1 | DATED this 8th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE